Thomson, J.,
delivered the opinion of the court.
This is a suit brought by James M. John against The Colorado Coal and Iron Company to recover for professional services rendered by him to the company, and for moneys expended in its behalf. The last amended complaint sets forth as the first cause of action an indebtedness of $150 for-defending, at the defendant’s request, one Capello against a criminal charge. The second cause of action avers a contract, made about January 1, 1891, with A. C. Steck, the general counsel of the defendant, and duly authorized to make such contract in its behalf, for the performance of legal work for the defendant by the plaintiff at $25.00 per day for each day or part of a day which he should devote to its business; and *214 alleges the rendering of such services to the amount of $825. The defendant answered admitting the authority of Steck to make the contract and the employment of the plaintiff by him to perform professional services for the defendant, but denying its possession of, or ability to obtain, sufficient knowledge or information upon which to base a belief as to the other allegations of the complaint.
The only evidence in behalf of the plaintiff was his own testimony. He testified to the services mentioned in the first cause of action, and their value. He also testified to services rendered and moneys expended by him under the contract set forth in the second cause of action, between January 1, 1891, and February 11, 1892, amounting in all to $924.91; and admitted payments at different times aggregating $310.38. The defendant introduced a statement, furnished by the plaintiff to the defendant, which purports to contain his charges on account of services rendered and moneys expended during the year 1891, and which the plaintiff testified was intended to be a complete statement of his account with the defendant during the period mentioned. The amount of the charges shown by the statement was $812.21. When all the evidence on both sides had been introduced the court directed the jury to return a verdict for the plaintiff for $181 on the first cause of action, and $688.50 on the second, which was accordingly done. This action of the court is assigned for error.
The first cause of action stated in the complaint is not directly denied. The evidence in its support was clear, uncontradicted and conclusive, and upon that cause of action the court might well have directed a verdict in plaintiff’s favor for $150. The verdict returned in obedience to the court’s direction was for $181, being $31.00 in excess of the-claim. Although the record is silent upon the subject, counsel seem to agree that this excess is for interest accrued at the time of the trial; they also agree that the amount of the verdict upon the other cause of action is a combination of principal and interest; and the plaintiff has filed in this court *215 his offer to remit the interest and take judgment for the principal sum. As to the first cause of action we would find no difficulty in rejecting the excess, and entering judgment in plaintiff’s favor here for $150; but as to the second, even if the court’s action were otherwise free from error, it would be impracticable for us to reject any specific sum, or give judgment for any specific sum, because there is nothing in the record to indicate upon what amount, or from what time, interest was computed. There is nothing in our statutes which entitles the plaintiff to interest upon either of his claims, and its allowance by the court was error.
But the most serious question in the case arises out of the direction to the jury. It is not clear from the evidence what amount should have been awarded to the plaintiff upon his second cause of action. This alleged a contract made with the defendant about January 1,1891, under which certain services were performed. Manifestly the plaintiff’s recovery must be confined to services rendered pursuant to that contract; but as to a portion of the services testified to, it is uncertain whether they were performed under the contract or not. The plaintiff testified partly from his books and partly from memory. It is evident that the books were defectively kept, and his memory, with which he supplemented the books, seems, in some instances, to have been equally imperfect. Certain of the dates which he fixes to services rendered are hardly consistent with the theory that these services came within the contract. Upon comparing his testimony concerning his charges during the period of time covered by his statement to the defendant, and which he said was intended to be accurate and complete, with that statement, it will be found that several items are embraced in the former which the latter does not contain; and that, by his testimony, the aggregate of the charges for services performed and moneys expended, during the time which the statement includes, exceeds the sum total of the statement by $76.29. It is due to the plaintiff, however, to say that *216 he did not insist upon the entire accuracy of his recollection, but frankly admitted his liability to mistake.
" Wheré the facts are clear and undisputed, and it is manifest that but one judgment can be given which will be permitted to stand, it is proper for, and perhaps incumbent upon, the court to direct a verdict; but where the facts are in dispute, or are involved in doubt, so that different men might honestly arrive at different conclusions from the same evidence, the decision of the questions thus presented belongs exclusively to the jury. The amount which the plaintiff is entitled to demand from the defendant, for services and' expenditures under the contract, is not obvious from the evidence; whether all of the services mentioned in plaintiff’s testimony were actually performed, or, if so, cams within the contract, is a question upon which there is ample room for a difference of opinion, and the court erred in directing a verdict.
The plaintiff devotes his entire argument to an attack upon the answer. The answer in full is as follows:
“Now comes the defendant and for answer to the complaint of the plaintiff, as amended, says:
“ 1st. That it admits that it is a corporation duly organized under the laws of the state of Colorado, and that plaintiff is and has been a practicing attorney at law, authorized and licensed to practice his profession as stated in the complaint ; that A. C. Steck at the time stated in said complaint was the attorney of this defendant and duly authorized to employ the said plaintiff- in and about the business of said defendant, and that said plaintiff was employed by said Steck to perform certain professional services for and on behalf- of this defendant.
“ 2d. That as to the truth of no other allegation in said complaint contained has this defendant sufficient knowledge or information upon which to base a belief, nor can it obtain such knowledge or information.
“ Wherefore, the defendant asks judgment for costs.”
The plaintiff contends that the second paragraph is not a *217 compliance with the statute, and therefore does not put in issue the allegations of the complaint.
Section 56 of the code provides that in denying any allegation of the complaint not presumptively within the knowledge of the defendant, it shall be sufficient to put such allegation in issue, for the defendant to state, as to such allegation, that he has not and cannot obtain sufficient knowledge or information upon which to base a belief. The objections urged to this paragraph are two : First, that its form does not satisfy the requirements of the code; and, second, that the facts which constitute the subject of the allegations are presumptively Avithin the defendant’s knowledge.
I. While Ave agree with the plaintiff that when this mode of controverting the allegations of a complaint is adopted the requirements of the statute must be exactly observed, yet we are unable to see wherein this ansAver is defective either in form or substance. The plaintiff has not elaborated his objection, but upon a careful examination of the ansAver it does not appear that a single averment required by the statute is omitted. Everything necessary to be stated is stated clearly and explicitly; and the compliance with the statutory requirements seems to be exact and complete. We do not think that this position of the plaintiff is tenable.
II. The second objection is, we think, equally without merit. The defendant is presumed to know the relations between itself and Mr. Steck, the extent of his authority to bind it, and everything that he did within the scope of that authority; and, accordingly, the answer admits expressly that Mr. Steck was the defendant’s attorney, that he was authorized to employ the plaintiff in and about its business, and that the plaintiff was so employed; and also admits, because it does not deny, that the terms of the contract were as stated in the complaint; but, as to the services performed and moneys laid out, by the plaintiff after his employment, there is no such presumption. It is only to those services and expenditures that the denial of knowledge and information can apply; and we are not aware of any rule of law *218 which requires the defendant at its peril to know the extent and character of the services, or the amount of money disbursed. Indeed we do not see how it could possess such knowledge unless it kept an agent stationed in plaintiff’s office to see what he did ; and even in that case there could be no assurance that something did not escape the agent’s observation.
For the reasons stated in this opinion the judgment must be reversed.

Reversed.